IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 1:23-cv-569-ECM |
| | ) | [WO] |
| $6,520.00 IN UNITED STATES CURRENCY, | ) ) | |
| | ) | |
| Defendant. | ) | |

**DEFAULT JUDGMENT AND DECREE OF FORFEITURE**

Now pending before the Court is the United States' Motion for Default Judgment and Decree of Forfeiture (doc. 9) filed on December 26, 2023.

On September 28, 2023, the United States filed a Verified Complaint (doc. 1) alleging that the defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C), which provide for the seizure and forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished, or intended to be furnished, by any person in exchange for a controlled substance or listed chemical; all proceeds traceable to such an exchange; all moneys, negotiable instruments, and securities used or intended to be used to facilitate the commission of the offenses; any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses; and any property, real or personal, used to facilitate violations of 21 U.S.C. §§ 841 and 846. (Doc. 1).

Pursuant to a Warrant of Arrest *in Rem* issued by this Court on September 29, 2023, (doc. 3), the defendant property was served on October 3, 2023, (doc. 6). On October 12, 2023, Marion Walker was personally served with copies of the Notice of Complaint for Forfeiture against Personal Property, Verified Complaint for Forfeiture *in Rem*, and Warrant of Arrest *in Rem*. (Doc. 4).

Notice of this civil forfeiture action against the defendant property was published for 30 consecutive days on an official Government internet site (www.forfeiture.gov), as evidenced by the Declaration of Publication filed with this Court on November 13, 2023. (Doc. 5).

On December 20, 2023, default was entered against Marion Walker, and all other persons and entities having an interest in the defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure for failure to timely defend as required by law. (Doc. 8).

A district court has original jurisdiction over civil cases brought by the United States, pursuant to 28 U.S.C. § 1345, and in forfeiture actions, pursuant to 28 U.S.C. § 1355. A forfeiture action may be brought in a district where any of the acts or omissions giving rise to the forfeiture occurred. 28 U.S.C. § 1355(b)(1)(A). The United States is the plaintiff in this civil forfeiture action, and the acts giving rise to this action occurred in the Middle District of Alabama. Thus, this Court has subject matter jurisdiction over this case, and venue properly lies in the Middle District of Alabama.

The United States has established that the requirements for proper notice set forth in Supplemental Rule G were fully satisfied. A Warrant of Arrest *In Rem* issued by this

Court on September 29, 2023, (doc. 3), and the defendant property was served on October 3, 2023, (doc. 6). On October 12, 2023, Marion Walker was personally served. (Doc. 4). Notice of this civil forfeiture action against the defendant property was published for 30 consecutive days on an official Government internet website. (Doc. 5).

Pursuant to Supplemental Rule G(5)(a)(ii)(A), Marion Walker was required to file a claim no later than 35 days after service. That time period expired on November 16, 2023. Pursuant to Supplemental Rule G(5)(a)(ii)(B), any parties unknown to the United States were required to file a claim no later than 60 days after the first day of publication on an official internet government forfeiture website on October 3, 2023. That time period expired on December 2, 2023.

Any other claimant to the defendant property was required to file a claim no later than 35 days after written notice was sent, or 60 days after the first publication of notice on the official governmental website. No extensions of the time periods have been requested or granted by the Court. Neither Marion Walker nor any other person has filed a claim, an answer, or otherwise appeared in this matter, and the time to do so has expired.

The factual allegations set forth in the Verified Complaint show that the defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C), which provide for the seizure and forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished, or intended to be furnished, by any person in exchange for a controlled substance or listed chemical; all proceeds traceable to such an exchange; all moneys, negotiable instruments, and securities used or intended

to be used to facilitate the commission of the offenses; any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses; and any property, real or personal, used to facilitate violations of 21 U.S.C. §§ 841 and 846.

The factual allegations of the Complaint are verified by Drug Enforcement Administration Task Force Officer Ethan H. Wiggins, and they are undisputed. (Doc. 1). Consequently, hearings are not necessary to enter or effectuate the default judgment.

The United States has shown that (1) the parties that have an interest in the defendant property are in default; (2) default judgment is procedurally warranted; and (3) it has sufficiently pled its basis for entry of default judgment.

Accordingly, and for good cause, it is

ORDERED, ADJUDGED, and DECREED as follows:

1. The United States' Motion for Default Judgment and Decree of Forfeiture (doc. 9) is GRANTED.

2. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, default judgment is hereby entered in favor of the United States and against Defendant $6,520.00 in United States Currency, Marion Walker, and all other persons and entities having an interest in the defendant for failure to timely plead, answer, or otherwise defend.

3. All right, title, and interest in Defendant $6,520.00 in United States Currency, is hereby forfeited to and vested in the United States, which shall have clear title to this property, may warrant good title to any subsequent transferee, and shall dispose of the property in accordance with the law.

4.      The United States District Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

5.      The Clerk of the Court is DIRECTED to forward a certified copy of this Order to the United States Attorney's Office.

The Clerk of the Court is DIRECTED to close this case.

Done this 3rd day of January, 2024.

                                                /s/ Emily C. Marks  
                                        EMILY C. MARKS  
                                        CHIEF UNITED STATES DISTRICT JUDGE